## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC., | |
| Plaintiffs, | Civil Action No. |
| v. | **JURY TRIAL DEMANDED** |
| HTC CORPORATION, HTC AMERICA, INC. and EXEDEA INC., | |
| Defendants. | |

### COMPLAINT

Plaintiffs Nokia Corporation and Nokia Inc. (collectively "Nokia"), for their Complaint against Defendants HTC Corporation, HTC America, Inc., and Exedea Inc. (collectively "HTC") hereby allege as follows:

### The Parties

1.      Plaintiff Nokia Corporation is a company organized under the laws of Finland, with its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo, Finland.

2.      Plaintiff Nokia Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California. Nokia Inc. is a wholly-owned subsidiary of Nokia Corporation.

3.      Defendant HTC Corporation is a Taiwanese corporation, with its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, Republic of China.

4.     Defendant HTC America, Inc. is a wholly-owned subsidiary of Defendant HTC Corporation and is incorporated under the laws of the State of Washington, with its principal place of business at 13920 S.E. Eastgate Way, Suite 400, Bellevue, Washington 98005.

5.     Defendant Exedea Inc. is a wholly-owned subsidiary of Defendant HTC Corporation and is incorporated under the laws of the State of Texas, with its principal place of business at 5950 Corporate Drive, Houston, TX 77036.

## Nature Of The Action

6.     This is a civil action for infringement of three United States patents, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## Jurisdiction And Venue

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because HTC resides in this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## The Patents-In-Suit

9.     United States Patent No. 5,895,884 ("the '884 patent"), entitled "Shielding Device With Push Fit Lid," was duly and legally issued by the United States Patent and Trademark Office on April 20, 1999.  A copy of the '884 patent is attached hereto as Exhibit A.

10.     United States Patent No. 6,788,798 ("the '798 patent"), entitled "Method And Arrangement For Improving Leak Tolerance Of An Earpiece," was duly and legally issued by the United States Patent and Trademark Office on September 7, 2004.  A copy of the '798 patent is attached hereto as Exhibit B.

11.     United States Patent No. 6,882,870 ("the '870 patent"), entitled "Personal Mobile Communications Device Having Multiple Units," was duly and legally issued by the United States Patent and Trademark Office on April 19, 2005.  A copy of the '870 patent is attached hereto as Exhibit C.

12.     Nokia Corporation is the assignee of the '884 patent, '798 patent, and '870 patent. Nokia Inc. is the exclusive licensee of the'884 patent, '798 patent, and '870 patent.

13.     Nokia has the right to bring this suit to recover damages for any current, future, or past infringement of each of the patents-in-suit.

## COUNT I

### Infringement Of The '884 Patent

14.     Paragraphs 1 through 13 are incorporated by reference as if fully stated herein.

15.     The '884 patent is valid and enforceable.

16.     HTC has infringed, and continues to infringe, one or more claims of the '884 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Desire Z and HTC Sensation 4G.

17.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '884 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Desire Z and HTC Sensation 4G.

18.     HTC has had knowledge of and notice of the '884 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '884 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '884 patent and its infringement.

19.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '884 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '884 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import, the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '884 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

20.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '884 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '884 patent, knowing that those products are especially made or adapted to infringe the '884 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

21.     Nokia has been and continues to be damaged by HTC's infringement of the '884 patent.

22.     Nokia has been irreparably harmed by HTC's infringement of the '884 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

23.     HTC's conduct in infringing the '884 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement Of The '798 Patent

24.     Paragraphs 1 through 23 are incorporated by reference as if fully stated herein.

25.     The '798 patent is valid and enforceable.

26.     HTC has infringed, and continues to infringe, one or more claims of the '798 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Evo 3D, HTC Nexus One, and HTC Aria.

27.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '798 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Evo 3D, HTC Nexus One, and HTC Aria.

28.     HTC has had knowledge of and notice of the '798 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '798 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '798 patent and its infringement.

29.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '798 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '798 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '798 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

30.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '798 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '798 patent, knowing that those products are especially made or adapted to infringe the '798 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

31.     Nokia has been and continues to be damaged by HTC's infringement of the '798 patent.

32.     Nokia has been irreparably harmed by HTC's infringement of the '798 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

33.     HTC's conduct in infringing the '798 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT III**

**Infringement Of The '870 Patent**

34.     Paragraphs 1 through 33 are incorporated by reference as if fully stated herein.

35.     The '870 patent is valid and enforceable.

36.     HTC has infringed, and continues to infringe, one or more claims of the '870 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

37.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '870 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United

States, and/or importing into the United States mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

38.     HTC has had knowledge of and notice of the '870 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '870 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '870 patent and its infringement.

39.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '870 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '870 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import, the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '870 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

40.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '870 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States,

and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '870 patent, knowing that those products are especially made or adapted to infringe the '870 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

41.    Nokia has been and continues to be damaged by HTC's infringement of the '870 patent.

42.    Nokia has been irreparably harmed by HTC's infringement of the '870 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

43.    HTC's conduct in infringing the '870 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## Prayer For Relief

WHEREFORE, Nokia prays for judgment as follows:

A.    That HTC has infringed each of the patents-in-suit;

B.    That this Court permanently enjoin HTC, its subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering for sale, selling, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the patents-in-suit;

C.     That Nokia be awarded all damages adequate to compensate it for HTC's infringement of the patents-in-suit, such damages to be determined by a jury and, if necessary to adequately compensate Nokia for the infringement, an accounting, and that such damages be awarded to Nokia with pre-judgment and post-judgment interest;

D.     That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Nokia be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

E.     That Nokia be awarded such other and further relief as this Court deems just and proper.

## **Demand For Jury Trial**

Nokia hereby demands a trial by jury on all issues so triable.


Dated:  May 2, 2012                                    FARNAN LLP

                                                       /s/ Joseph J. Farnan, Jr.
                                                       Joseph J. Farnan, Jr. (Bar No. 100245)
                                                       Brian E. Farnan (Bar No. 4089)
                                                       Michael J. Farnan (Bar No. 5165)
                                                       919 North Market Street
                                                       12th Floor
                                                       Wilmington, DE  19801
                                                       (302) 777-0300 (Telephone)
                                                       (302) 777-0301 (Facsimile)
                                                       bfarnan@farnanlaw.com

                                                       *Counsel for Plaintiffs*
                                                       *Nokia Corporation and Nokia Inc.*

*Of Counsel:*

DESMARAIS LLP
John M. Desmarais
Alan S. Kellman
Jason Berrebi

230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)


ALSTON & BIRD LLP
Patrick J. Flinn
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7920 (Telephone)
(404) 253-8370 (Facsimile)

ALSTON & BIRD LLP
Michael J. Newton
2828 North Harwood Street, 18th Floor
Dallas, TX 75201
(214) 922-3423 (Telephone)
(214) 922-3863 (Facsimile)